**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50254 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-00180-LAB-1 |
| v. | |
| MICHELLE B. CASTILLO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 8, 2021**

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Michelle B. Castillo appeals from the district court's judgment and

challenges the 78-month sentence imposed following her guilty-plea conviction for

importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Castillo contends that the district court erred by denying her request for a minor-role adjustment under U.S.S.G. § 3B1.2. We review the district court's interpretation of the Guidelines de novo, its factual findings for clear error, and its application of the Guidelines for abuse of discretion. *See United States v. Diaz*, 884 F.3d 911, 914 (9th Cir. 2018). Contrary to Castillo's claims, the record reflects that the district court identified and applied the correct legal standard, recognized its obligation to compare Castillo's conduct to that of other known or likely participants in her criminal scheme, and considered each of the guideline factors. *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *Diaz*, 884 F.3d at 916-17. Given the totality of the circumstances, the court did not abuse its discretion in concluding that Castillo was not "substantially less culpable than the average participant." *See* U.S.S.G. § 3B1.2 cmt. n.3(C); *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) (sentencing court may deny a minor-role adjustment "even if some of the factors weigh in favor" of granting it).

Castillo also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The significantly below-Guideline sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, including the circumstances of Castillo's offense. *See Gall*, 552 U.S. at 51. Moreover, contrary to Castillo's assertion, the record reflects that the court

2                                                                                    20-50254

considered her mitigating arguments and the section 3553(a) factors. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**